IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN MOORE, et al.,
    Plaintiffs,
v.
JENNIFER BRUNNER, in her Official
Capacity as Ohio Secretary of State,
    Defendant.

Case No. 2:08-cv-224
JUDGE EDMUND A. SARGUS, JR.


LIBERTARIAN PARTY OF OHIO, et al.,
    Plaintiffs,
v.
JENNIFER BRUNNER, in her Official
Capacity as Ohio Secretary of State,
    Defendant.

Case No. 2:08-cv-555
JUDGE EDMUND A. SARGUS, JR.

## ORDER

These matters are before the Court on Plaintiffs' motions for attorney fees. Plaintiffs in *Moore v. Brunner*, case number 2:08-cv-224 ("*Moore*"), filed motions for attorney fees on August 1, 2009 and September 17, 2009 (Documents 40 and 44). Plaintiffs in *Libertarian Party of Ohio, et al. v. Brunner*, case number 2:08-cv-555 ("*LPO II*"), filed motions for attorney fees on August 13, 2009 and September 21, 2009 (Documents 38 and 41). For the reasons set forth below, the Court hereby **GRANTS IN PART** Plaintiffs' motions.

Plaintiffs request attorney fees under 42 U.S.C. § 1988, which provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The Consent Decrees entered on July 20, 2009 in *Moore* and on July 30, 2009 in *LPO II* provide that "Plaintiffs will be entitled to their reasonable attorney's fees as prevailing parties" under 42 U.S.C. § 1988(b).

In *Moore*, Plaintiffs request $350 in costs and $32,800 in fees for Attorney Mark R. Brown.[1] Defendant does not challenge the costs, which consist only of the filing fee. The attorney fees are based on 65.6 hours, an hourly rate of $400, and a multiplier of 1.25.

In *LPO II*, Plaintiffs request $2,412 in expenses, $15,400 in fees for Brown, and $51,637 in fees for Attorney Gary Sinawski. Defendant does not challenge the costs, which consist of court fees, a consultant fee of $1,000, and expenses for FedEx, transportation, and lodging. Sinawski's fees are based on 91.8 hours, an hourly rate of $450, and a multiplier of 1.25. Brown's fees are based on 30.8 hours, an hourly rate of $400, and a multiplier of 1.25.

To justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work. *Gonter*, 510 F.3d at 617 (citing *Reed*, 179 F.3d at 472). Plaintiffs presented declarations by their attorneys with accountings of the hours spent on these matters. Defendant contends that Plaintiffs' counsel need not have expended so many hours on litigation that substantially duplicates prior litigation. Defendant asserts that *Moore* and *LPO II* involve "a considerable amount of duplicated efforts" and that both cases share "uncanny similarities" with a prior case, *Libertarian Party of Ohio v. Blackwell*, Case No. 2:04-cv-08 ("*LPO I*"), in which Sinawski represented the plaintiff. (Compl., *LPO I*.)

The Court agrees that the cases here are similar to *LPO I*; however, both parties point out that *Moore* and *LPO II* were controlled by a Sixth Circuit decision that was rendered <u>after</u> *LPO II*: specifically, *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008), in which Brown represented the plaintiff. (Coglianese Aff. ¶ 5.) The similarities between *Moore* and *LPO II*, as well as the similarities between these and prior cases, surely contributed to efficiencies in the attorneys' billed time. The Court is unable to find, however, that Plaintiffs' attorneys' recordkeeping is

---

[1] Plaintiffs filed two applications for fees in each case. In both cases, the Court considers the requests in Plaintiffs' first and second applications together.

2

inconsistent with such efficiencies. As evidence of duplicative billing, Defendant points to the fact that Brown billed 5.2 hours to prepare the motion for attorney fees in *Moore* in addition to 1.9 hours to prepare the same motion in *LPO II*. As Plaintiffs point out, Brown was able to prepare the motion in *LPO II* in less than half the time it took to prepare the motion in *Moore*. The Court finds that this is evidence not of duplicative billing, but rather of efficiency due to the similarity of the cases.

Defendant also objects to Brown's billing of 2.7 hours for participation in a certain meeting and phone conference in August and October of 2008, respectively. Brown billed one hour each to Plaintiffs in *Moore* and *LPO II* for the meeting and billed 0.7 hours to Plaintiffs in *Moore* for the phone conference. (Brown Decls. 4 (7/31/09).) According to Richard Coglianese, these activities involved discussion of neither *Moore* nor *LPO II*. (Coglianese Aff. ¶¶ 3, 4.) Brown, on the other hand, states that he participated in those activities in the course of representing the Socialist Party USA, one of the plaintiffs in *Moore*, based upon the belief that the conferences would be pertinent to *Moore*. (Brown Decl. ¶¶ 4–11 (9/16/09).) Because Plaintiffs in *LPO II* should not be billed for activities undertaken on behalf of Plaintiffs in *Moore*, Brown's statement is inconsistent with the fact that he divided the bill for his participation in the conference between Plaintiffs in *Moore* and *LPO II*. In any case, the Court finds that these activities were not related to and did not further the litigation in *Moore* or *LPO II* and should not be charged to Defendant. The Court therefore will subtract 1.7 hours from those billed by Brown in *Moore* and one hour from those billed in *LPO II*.

The Court's "primary concern is that the fee awarded be 'reasonable.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). To determine a reasonable total fee, the Court starts by calculating the "lodestar" by

3

multiplying the number of hours billed and a reasonable hourly rate. *Gonter*, 510 F.3d at 616 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

A reasonable fee must be adequate to attract competent counsel, but must avoid producing a windfall for lawyers and should not exceed an amount "necessary to encourage competent lawyers to undertake the representation." *Gonter*, 510 F.3d at 616 (citing *Geier v. Sundquist*, 372 F.3d 791 (6th Cir. Tenn. 2004); quoting *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)). In determining a reasonable hourly rate, the Court uses the prevailing market rate as a guideline: the rate that lawyers of comparable skill and experience can reasonably expect to command within that court's venue. *Id.* at 618 (citing *Geier*, 372 F.3d at 791). A reasonable fee will not always be the relevant attorney's standard billing rate. In *Lamar Advertising Company v. Charter Township of Van Buren*, the Sixth Circuit found that, even if it would be reasonable to award the attorney's standard rate of between $310 and $370, the record supported the conclusion that $200 per hour was sufficient to encourage competent lawyers in the relevant community to undertake legal representation. 178 Fed. Appx. 498, 502 (6th Cir. 2006).

Plaintiffs assert that their attorneys enjoy high levels of experience and expertise and should therefore be awarded fees comparable to those of experienced partners. Plaintiffs represent that "Brown is an accomplished constitutional litigator who has been involved in a significant amount [of] constitutional litigation over the course of the last twenty years." (*Moore*, Mot. 9; *LPO II*, Mot. 7.) Plaintiffs represent that "Sinawski is an accomplished constitutional litigator who has been involved in a significant amount of § 1983 litigation over the course of the last 25 years." (*LPO II*, Mot. 7.)

4

To support their requested hourly billing rates of $400 and $450, Plaintiffs present evidence of billing rates at the largest 250 law firms in the nation, including several Ohio firms, in the form of a survey published in *The National Law Journal*. (Pls.' Mot. Ex. 2.) Plaintiffs present evidence of fees of only three firms within this district: Dinsmore & Shohl, where partners' rates ranged from $220 to $495, with an average rate of $347; Frost Brown Todd, where partners' rates ranged from $225 to $490, with an average rate of $317; and Taft, Stettinius & Hollister, where partners' rates ranged from $200 to $475, with an average rate of $354. (Pls.' Mot. Ex. 2.) Of all the firms in this district, only those three firms were included in the survey, suggesting that they were the three largest law firms with main offices in this district.

The Court notes that the attorneys did a fine job in this case. However, while this Court does not determine what fees may be billed to Plaintiffs, it must determine what fees are reasonably chargeable to the other side. The Court finds that the attorneys' requested hourly rates of $400 and $450 exceed the amount which would be necessary to encourage competent lawyers to undertake this representation. Therefore, the obligation to pay such rates may not be shifted to Defendant. The Court finds that an hourly rate of $250 is adequate to attract competent counsel within this Court's venue while avoiding producing a windfall for attorneys. The Court further finds that Plaintiffs' attorneys obtained exceptional success in both *Moore* and *LPO II*. Due to the exceptional results obtained in these cases, the Court finds that a multiplier of 1.25 is appropriate. *See Blum v. Stenson*, 465 U.S. 886, 901 (1984) ("in some cases of exceptional success an enhanced award may be justified") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

In *Moore*, the Court therefore awards a fee of $19,968.75 to Brown, calculated by multiplying 63.9 hours,[2] an hourly rate of $250, and a multiplier of 1.25. In *LPO II*, the Court awards a fee of $9,312.50 to Brown, calculated by multiplying 29.8 hours,[3] an hourly rate of $250, and a multiplier of 1.25; and a fee of $28,687.50 to Sinawski, calculated by multiplying 91.8 hours, an hourly rate of $250, and a multiplier of 1.25.

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiffs' motions (Documents 40 and 44 in case no. 2:08-cv-224; Documents 38 and 41 in case no. 2:08-cv-555). The Court hereby **ORDERS** that Defendant shall pay Plaintiffs' reasonable attorney fees in the following amounts. In *Moore v. Brunner*, case number 2:08-cv-224, Defendant shall pay to Plaintiffs $19,968.75 in fees for Attorney Mark R. Brown and $350 in costs. In *Libertarian Party of Ohio, et al. v. Brunner*, case number 2:08-cv-555, Defendant shall pay to Plaintiffs $9,312.50 in fees for Attorney Mark R. Brown, $28,687.50 in fees for Attorney Gary Sinawski, and $2,412 in costs.

**IT IS SO ORDERED.**

1-25-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] For the reasons set forth in Part B, this total is calculated by subtracting 1.7 hours from the requested 65.6 hours.
[3] For the reasons set forth in Part B, this total is calculated by subtracting one hour from the requested 30.8 hours.

6